UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRADLEY G. DRUMMOND,<br><br>  Plaintiff,<br>v.<br>JAMES DZURENDA, *et al.*,<br><br>  Defendants. | Case No. 3:18-cv-00152-MMD-WGC<br><br>ORDER |

*Pro se* Plaintiff Bradley G. Drummond brings this action under 42 U.S.C. § 1983, stating claims for violations of the Fourteenth Amendment's equal protection clause and retaliation. Defendants remaining in this action are Ashley Angus, Renee Baker, Tara Carpenter, Paul Malay, and William Sandie. Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge William G. Cobb (ECF No. 71), recommending the Court grant Defendants' Motion for Summary Judgment (ECF No. 53 ("Motion")).[1] Plaintiff had until February 10, 2021, to file an objection. To date, no objection to the R&R has been filed. For this reason, and as explained below, the Court adopts the R&R, and will grant Defendants' Motion.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and

---

[1]The Court has considered Defendants' Motion (ECF No. 53), Plaintiff's Response (ECF No. 58), and Defendants' reply (ECF No. 66). The Court will strike Plaintiff's sur-reply (ECF No. 68) as unauthorized under Local Rule 7-2(b).

recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because there is no objection, the Court need not conduct de novo review, and is satisfied Judge Cobb did not clearly err. Here, Judge Cobb recommends granting Defendants' Motion because Plaintiff has neither provided argument nor evidence that he filed a grievance that would have exhausted his administrative remedies, nor that any remedies were unavailable to him. (ECF No. 71 at 12.) Per AR 740, an inmate is required to file an informal grievance within six months of an alleged civil rights violation, or the grievance will be deemed abandoned. (ECF No. 53-3.) Plaintiff's Complaint alleged the issues giving rise to his claims occurred in August and September of 2016. (ECF No. 5 at 2.) Defendants provide evidence that Plaintiffs only filed two grievances during the six-month timeframe. (ECF No. 53-4.) Plaintiff's first grievance focuses on the behavior of Godecke, who was dismissed from this action without prejudice for failure to timely serve him pursuant to Federal Rule of Civil Procedure 4(m). (ECF No. 63.) Judge Cobb reasoned that because this grievance details behavior of a defendant who has already been dismissed from this case, but fails to assert any information that would support his equal protection or retaliation claims against the remaining Defendants, Plaintiff did not exhaust his administrative remedies as to those claims with respect to any remaining defendant. (ECF No. 71 at 11.) As to the second grievance, Plaintiff neglected to file a formal grievance after receiving a response adverse to his initial request. (ECF no. 53-6 at 2.) Judge Cobb reasoned that because Plaintiff failed to pursue the grievance as was required per AR 740, the regulation which governs the grievance procedure, it was not exhausted. The Court agrees with Judge Cobb as to both grievances. As a result, Plaintiff did not exhaust his administrative remedies concerning the remaining Defendants via any timely grievance and, therefore, Defendants are entitled to summary judgment. *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) ("If undisputed evidence viewed in

the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56.").

Plaintiff attempted to file a cross-motion for summary judgment, which Judge Cobb reasoned was not timely and, even if it had been, did not comport with the requirements of Rule 56. (ECF No. 71 at 1.) The Court agrees. Plaintiff's purported motion was filed after the August 24, 2020 deadline for filing dispositive motions (ECF No. 51), and further failed to cite any particular materials in the record that would tend to support his claim that facts in the record either cannot be or are genuinely disputed, as is required by Federal Rule of Civil Procedure 56(c)(1). (*Id.*; ECF No. 58.) Judge Cobb's reasoning is sound. Having reviewed the R&R and the record in this case, the Court will adopt the R&R in full.

It is therefore ordered that Judge Cobb's Report and Recommendation (ECF No. 71) is accepted and adopted in full.

It is further ordered that defendants' motion for summary judgment (ECF No. 53) is granted.

It if further ordered that plaintiff's sur-reply (ECF No. 68) is stricken.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 23rd Day of February 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE